# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| ANTONIO WARD,<br>            Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 1:08-0825<br>) |
| DETECTIVE T.A. BAILEY, *et al.*,<br>            Defendants. | )<br>)<br>) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees. (Document No. 1.) Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.) be denied and this matter be dismissed.

## FACTUAL BACKGROUND

On June 10, 2008, Plaintiff, acting *pro se* and formerly incarcerated at the Southern Regional Jail in Beaver, West Virginia,[1] filed his Complaint in this matter claiming entitlement to monetary damages under 42 U.S.C. § 1983.[2] (Document No. 2.) Plaintiff names the following individuals as Defendants: (1) Detective T.A. Bailey; (2) Sergeant J. Centeno; and (3) Detective C.J. Smothers. (Id.) Plaintiff's Complaint alleges as follows:

Due to insufficient evidence, I was falsely accused by the Southern Drug Task Force

---

[1] The West Virginia Division of Corrections' website indicates that Plaintiff is currently released on parole.

[2] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> of delivering a controlled substance which violates my civil rights as a citizen of the United States. My only connection in the sting was being a passenger in said vehicle. He was only giving me a ride to the mall to see a friend. I was not a participant in any drug related crime. My only involvement was being in the wrong place at the wrong time.

(Id., pp. 4 - 5.) Plaintiff seeks "a public apology," "any monetary value," and "personal money that they acquired from me." (Id., p. 5.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). Title 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the

2

Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

In his Complaint, Plaintiff alleges that his constitutional rights were violated when he was arrested in Mercer County, West Virginia. Plaintiff essentially contends that his arrest was unconstitutional because he was "merely a passenger in said vehicle" and "was not a participant in any drug related crime." In determining whether an arrest is unconstitutional, the critical inquiry is whether the arrest was supported by probable cause. A finding of probable cause is a complete defense against a Section 1983 claim of unconstitutional arrest. Weyant v. Okst, 101 F.3d 845, 852 (2nd Cir. 1996)(stating that "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983"). Probable cause requires only "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense."[3] United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998); also see Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)(stating that "there need only be enough evidence to warrant the

---

[3] The undersigned further notes that the Supreme Court has recognized that "there is a large difference between [proving guilt in a criminal case and showing probable cause for an arrest or search], as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them." *Brinegar v. United States*, 338 U.S. 160, 173, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

belief of a reasonable officer that an offense has been or is being committed by an individual; evidence sufficient to convict that individual of the charged offense is not required"). Furthermore, it is "well established that where an officer presents all relevant probable cause evidence to an intermediary, such as a prosecutor, a grand jury, or a magistrate, the intermediary's independent decision to seek a warrant, issue a warrant or return an indictment breaks the causal chain and insulates the officer from a Section 1983 claim based on lack of probable cause for an arrest or prosecution." Rhodes v. Smithers, 939 F.Supp. 1256, 1274 (S.D.W.Va. 1995).

Based upon the foregoing, the undersigned finds that probable cause existed to support Plaintiff's arrest. Plaintiff was arrested on February 28, 2008, for the unlawful possession of a controlled substance with the intent to deliver in violation of W. Va. Code § 60A-4-401(a)(i).[4] A sworn Criminal Complaint was presented to the Magistrate Judge of Mercer County on February 29, 2008. The Criminal Complaint set forth the following facts:

> On 02-28-08 the u/s officer received a call from Lt. K.T. Compton. Lt. Compton stated that he had been speaking to an unknown subject about a drug deal and the subject would meet him at the old Puckers Bar in Greenvalley. The u/s officer, Sergeant J. Centeno, Detective C.J. Smothers and Lt. Compton met at the Princeton Police Department. Lt. Compton and the u/s officer went to the old Puckers Bar to meet the subject and Sergeant Centeno and Detective Smothers followed to do surveillance. Lt. Compton and the u/s officer arrived at Puckers to wait on the subject to arrive. Approximately 5 minutes after arriving, the subject called and told Lt. Compton to meet him at the Mercer Mall. At this time, Lt. Compton and the u/s officer went to the Mercer Mall and located the subject. The subject then called Lt. Compton and told him to walk over to his vehicle. Lt. Compton approached the vehicle and the u/s officer, Sergeant Centeno, and Detective Smothers then approached the vehicle and placed the subject under arrest. Upon approaching the vehicle Sergeant Centeno observed the driver throw something under the vehicle.

---

[4] Plaintiff attaches a copy of the following documents: (1) Initial Appearance Rights Statement (Document No. 2, pp. 8 - 9.); (2) Criminal Bail Agreement (*Id.*, p. 10.); (3) Affidavit of Eligibility for Appointed or Public Defendant Counsel (*Id.*, p. 11.); and (4) Criminal Complaint (*Id.*, pp. 12 - 13.)

> Upon looking under the vehicle, a bag with cocaine, marijuana and pills were found. Also in the vehicle was a passenger, Antonio Ward, he was also placed under arrest. Both subjects were transported to P.D. for processing.

(Document No. 2, pp. 12 - 13.) The Magistrate Judge found probable cause to support the warrantless arrest of Plaintiff. (Id., p. 12.) Although Plaintiff contends that he was merely "in the wrong place at the wrong time," the facts and circumstances indicate that Plaintiff accompanied an individual to an arranged drug transaction. Plaintiff was present with the individual when officers arrived at the drug transaction and officers observed drugs being thrown from the vehicle. The undersigned finds that the facts and circumstances within the officers' knowledge were sufficient to warrant a prudent person, or one of reasonable caution, in believing that Plaintiff committed, was committing, or was about to commit an offense. Furthermore, the Mercer County Magistrate made an independent finding of probable cause, which "breaks the causal chain and insulates the officers from a Section 1983 claim based on lack of probable cause for an arrest or prosecution." In view of these circumstances as they are evident from documents which Plaintiff has filed, there is no basis in fact for Plaintiff's assertion that his constitutional rights were violated in conjunction with his February 28, 2008, arrest. Accordingly, the undersigned respectfully recommends that Plaintiff's claim of an unconstitutional or false arrest be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Applications to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2.), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

**FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: August 6, 2009.

_R. Clarke VanDervort_
R. Clarke VanDervort
United States Magistrate Judge